## Weideman, et al. v. Weideman, et al.

(Decided March 22, 1918.)

### Appeal from Simpson Circuit Court.

Wills—Construction—Estate Devised.—Under a will giving to the testator's wife the control and management of his estate both real and personal as long as she remained his widow and then providing, "If my wife Lena Weideman should marry I give, devise and bequeath to our sons John H. and Henry P. the Simpson County Limestone stock . . . The rest of my property real and personal may be divided according to law," the testator's widow, in case of her marriage, will take a life interest in one-third of his real estate and an absolute estate in one-half of his surplus personalty with the exception of the Limestone stock, while the remainder of the testator's property will pass to his children.

C. F. EVANS for appellants.

JOHN S. MILLIKEN for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Reversing.

This appeal involves the construction of the will of F. D. Weideman, which is as follows:

"I, F. D. Weideman, of Simpson County, Kentucky, being of sound mind and memory do make publish and decree, this to be my last will and testament to wit: First *Al* my just debts & funeral expence be first paid. Second. I give my beloved wife Lena Weideman control and management of my estate, both real and personal, as long as she is my widow. If the law requires an *executor,* I want my wife Lena Weideman appointed according to law. Third. If my wife Lena Weideman, should marry I give devise and bequeath to our sons John H. and Henry P. the Simpson Co. Limestone stock, which I now hold $500.00 (Five hundred) and that which will be issued to me, as soon as the money, that the Company has borrowed is paid *of* with the *divident* of the sale of stone. *Al* the stock will be about $1000.00 (One Thousand) providing that the Co. does not sell any more stock, to pay *of* part or *al* of the debt. The rest of my property real and personal be divided according to law."

The testator died a resident of Simpson county, in the year 1913, leaving a widow, Lena Weideman, and two infant children, John H. Weideman and Henry P. Weideman. Upon the probate of the will, Elizabeth Weideman qualified as executrix. Thereafter she, as executrix and in her own right, brought this suit against her children for a construction of the will. The chancellor held that under clause 2 of the will, the widow took a life estate subject to be defeated by her marriage. In construing clause 3, he held that should the widow marry again the entire estate of the testator would pass to his two sons and the widow would have no further interest therein. The widow appeals.

The correctness of the construction given clause 2 of the will is not challenged, so we shall proceed to a consideration of clause 3. The question will be simplified by omitting that portion of clause 3 relating to the amount and value of the Simpson County Limestone stock. When this is done, clause 3 will read as follows:

"If my wife, Lena Weideman, should marry, I give, devise and bequeath to our sons, John and Henry P., the Simpson County Limestone stock . . . The rest of my property real and personal may be divided according to law."

. If the testator had intended that his two children should take all his property in case his widow married again, it would have been necessary only to say, "if my wife, Lena Weideman, should marry, I give, devise and bequeath all my property, real and personal, to our sons, John H. and Henry P." Instead of doing this, however, he provided that in case of his widow's marriage, the Limestone stock should go to his two sons, while the rest of his property, real and personal, should be divided according to law, thus plainly indicating an intention to distribute the remainder of his state in a manner altogether different from that employed in the distribution of the Limestone stock. In order to hold under these circumstances, that the remainder of the testator's property went to his two sons, we would have to disregard entirely the provision, "The rest of my property, real and personal, may be divided according to law." This we are not at liberty to do. Some effect must be given to the latter provision, and when this is done the only reasonable interpretation of the clause in question is that the testator intended that in the event of his widow's marriage, all of his property with the exception of the Limestone stock, should be divided according to law, that is to the persons and in the manner prescribed by the statute of descent and distribution, and the statute regulating the property rights of husband and wife. Hence the testator's widow in case of her marriage will be entitled to one-half of his surplus personalty with the exception of the Limestone stock, and a life interest in one-third of his real estate, while the remainder of his property will pass to his children. It follows that the chancellor erred in holding that upon the marriage of the widow all the testator's property would vest in his children.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.